UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**BRIAN SANTONE, also known as Brian Irwin,**

                         **Petitioner,**

                **-v-**                      **9:04-CV-947**
                                              **(NAM/DRH)**

**BRIAN FISCHER,**

                         **Respondent.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

JONATHAN I. EDELSTEIN, ESQ.
271 Madison Avenue, 20th Floor
New York, New York 10016
Attorney for Petitioner

HON. ANDREW M. CUOMO, Attorney General for the State of New York
PAUL B. LYONS, ESQ., Assistant Attorney General
120 Broadway
New York, New York 10271
Attorney for Respondent

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### BACKGROUND

Petitioner is currently an inmate in the custody of the New York State Department of

Correctional Services. Upon a state court jury conviction of three counts of assault, one count of

criminal possession of a weapon, and two counts of intimidating a witness, petitioner was

sentenced on December 19, 2001, to sixteen to eighteen years imprisonment.[1]  The conviction and

---

[1] Petitioner was adjudicated a second felony offender and sentenced to concurrent determinate sentences of 14 years incarceration on the assault charges and one witness intimidation count; a concurrent, indeterminate term of three and one-half to seven years incarceration on the weapon count; and a consecutive indeterminate term of two to four years incarceration on the second witness intimidation

(continued...)

sentence were upheld on direct appeal, *People v. Irwin*,[2] 774 N.Y.S.2d 237 (4th Dep't 2004), *leave to appeal denied*, 3 N.Y.3d 642 (2004); on a motion for a writ of error *coram nobis*, *People v. Irwin*, 845 N.Y.S.2d 211, 2007 WL 3332690 (4th Dep't 2007), *leave to appeal denied*, 10 N.Y.3d 766 (2008); and on a motion pursuant to N.Y.C.P.L. 440.10, *People v. Irwin*, (Jefferson Co. Ct. Jan. 20, 2009), *leave to appeal denied* (4th Dep't Sept. 22, 2009).

On August 16, 2004, petitioner filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The amended petition (Dkt. No. 47) claims: (1) that the evidence at trial was insufficient to prove that the victim sustained a serious physical injury; (2) that petitioner was deprived of his right to be present at sidebar conferences; and (3) that defense counsel rendered ineffective assistance because (a) he failed to conduct an adequate investigation; (b) he failed to seek appropriate jury instructions; (c) he failed to object to the seating of a biased juror; (d) he failed to object to jury note-taking; (e) he did not understand the law and trial procedure; (f) he failed to advise petitioner concerning the benefits of a plea offer; (g) he failed to investigate facts that would have discredited a prosecution witness; (h) he failed to allow defendant to take the stand; (i) he failed to conduct testing on the weapon allegedly used in the assault; (j) he failed to object to materially incorrect facts at sentencing; and (k) the cumulative weight of the errors constituted ineffective assistance.  Upon referral pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4, United States Magistrate Judge David R. Homer issued a Report and Recommendation (Dkt. No. 59) recommending that the amended petition be denied.

---

[1](...continued)
charge, stemming from an incident involving Sydne Lee which occurred while petitioner was incarcerated on the other charges.

[2] Petitioner has legally changed his name from Brian Irwin to Brian Santone.

Petitioner filed an objection (Dkt. No. 60).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of the Report and Recommendation to which petitioner objects.  As set forth below, the Court denies the amended petition.

## DISCUSSION

The Court adopts Magistrate Judge Homer's thorough summary of the background of the case and the applicable law, and does not repeat it here.

**Ground One**

Ground one of the amended petition claims that the evidence was insufficient to support a finding that the victim sustained a serious physical injury, an element of assault in the first degree under New York Penal Law § 120.10(1)-(3).  Petitioner objects to Magistrate Judge Homer's recommendation that the amended petition be denied on this ground, and the Court reviews the issue *de novo*.  On petitioner's direct appeal, the Fourth Department discussed and rejected the contention that the evidence was insufficient to establish the element of serious physical injury.  *See Irwin*, 774 N.Y.S.2d at 237.  Petitioner has not carried his burden of showing that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  The Court adopts Magistrate Judge Homer's discussion and recommendation on this issue.

**Ground Two**

Petitioner does not object to Magistrate Judge Homer's recommendation that the amended petition be denied insofar as it relies on the claim that he was wrongfully deprived of his right to be present at sidebar conferences.  The amended petition is denied on this ground.

**Ground Three**

Petitioner also objects to Magistrate Judge Homer's recommendation to dismiss ground three of the amended petition. Although he found that some of the issues were unexhausted, Magistrate Judge Homer recommended that this Court exercise its authority to deny the amended petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see Gandarilla v. Artuz*, 322 F.3d 182, 186 (2d Cir. 2003); *Manzullo v. People of New York*, 2010 WL 1292302, *3 (E.D.N.Y. Mar. 29, 2010). In his declaration in support of the objection to the Report and Recommendation, petitioner's counsel argues that such claims should be deemed to be exhausted, but seeks to withdraw any unexhausted claims "in order to remove any possible impediment to this petition being granted[.]" It is not necessary for petitioner to withdraw any unexhausted claims; the Court exercises its authority under 28 U.S.C. § 2254(b)(2) to deny the amended petition on the merits, notwithstanding any failure to exhaust.

The federal standard for ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must establish both that his attorney was ineffective and that the attorney's errors resulted in prejudice. *Id.* at 687. Under the *Strickland* standard:

> Counsel is ineffective when her efforts fall below an objective standard of reasonableness. A defendant satisfies the prejudice prong by proving that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (citations and internal quotation marks omitted).

On a federal *habeas* challenge to a state court's determination that he was afforded

-4-

effective assistance, a petitioner must establish that the state court's decision "was contrary to, or an unreasonable application of, *Strickland*." *Id.* at 123. There is no basis here to grant *habeas* relief under the "contrary to" clause, because there is no showing that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or decided the case differently from the Supreme Court on a set of materially indistinguishable facts. *See Henry v. Poole*, 409 F.3d 48, 68 (2d Cir. 2005). As for whether the state court "unreasonably applied" *Strickland*, the state court's decision is to be reviewed under "a more deferential standard than simply whether that decision was correct." *Id.* at 67. Rather, a federal court must find an "increment of incorrectness beyond error," although that "increment need not be great." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

On *de novo* review of the issue of ineffective assistance of counsel, the Court agrees with Magistrate Judge Homer's conclusion that in this case, the state court did not unreasonably apply *Strickland*. In particular, as to petitioner's claim that his counsel did not give him competent advice on whether to accept the plea offer or go to trial, the Court has reviewed the transcript of pretrial proceedings before Jefferson County Court Judge Kim Martusewicz on November 5, 2001, at which petitioner and his lawyer, Richard J. Graham, Esq., were present. Judge Martusewicz asked the Assistant District Attorney, Julie M. Vales, Esq.: "[T]here has been some discussion for a possible disposition; is that correct?" Ms. Vales responded, "Yes," and the following discussion took place:

> THE COURT: Would you just like to outline that for the Court, please.
> MS. VALES: The offer is a D Violent, which would be Assault Second with the minimum three years.
> THE COURT: And the defendant is facing a B Violent, top count is a B Violent, which is a minimum eight years; is that correct?
> MS. VALES: Right; maximum 25.

       THE COURT: Have you had a chance to discuss that with your client, Mr. Graham?

       MR. GRAHAM: I have, Your Honor.

       THE COURT: And what is your client's response to that?

       MR. GRAHAM: He has declined the offer, Your Honor.

       THE COURT: Do you understand — I haven't had a chance to talk to you directly, Mr. Irwin, but do you understand that the Court has no discretion whatsoever in terms of the minimum amount of sentence if you are convicted of the top count? Do you understand that?

       THE DEFENDANT: Yes, sir. Yes, Your Honor.

       THE COURT: Tell me what that means to you.

       THE DEFENDANT: I have to take at least eight years, that's the minimum I can get.

       THE COURT: Yes, and it could be up to 25, I believe.

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: You understood that?

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: And recognizing that, you are still unwilling or unable to accept the People's offer; is that correct?

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: I just want to make sure that you understood what your liability or what your exposure is in the event that you are found guilty of the top count. I should also let you know that you have been convicted of a weapons charge in front of me, and that's the prior felony which provides the basis or the predicate for your Second Felony Offender status; do you understand that?

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: Do you also understand that if you are found guilty of this charge, that's another weapons charge; do you understand that as well?

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: So that it is probably a pretty sure bet that you would not get the - minimum if you are convicted of the top count, having a prior violent background in front of me, and now you are charged with another one, I just want you to understand that.

       THE DEFENDANT: Well, Your Honor, my last count was nonviolent.

       THE COURT: No, but you were originally charged with a weapons count, shooting through the doorway, was it not?

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: So there was a gun and there was a shot, and now the facts of this case is there is a weapon involved in this case.

       THE DEFENDANT: Yes, Your Honor.

       THE COURT: And I just want to be very up front with you, because sometimes we get defendants in here that say I didn't know that I was facing that possible sentence. And I try to be as clear and as up front with the

> defendants as possible when they come before me. And this is the first chance I have had to talk to you directly. We have been talking through the attorneys. I just want to make sure that you understood that.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: You do understand that?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. And you have an absolute right to a trial, Mr. Irwin, and no one is denying that, and we are ready, we have a whole room full of people ready to be selected as jurors. But I just want you to understand the exposure that if we go through the trial and you are convicted, what the possible sentences are, and the minimum. The minimum is eight years, and I'm saying that if the facts are what I think they are, then it is very likely not going to be the minimum.
> So, having said that, we do have some issues with regard to — do you want to talk to your attorney at all, or no?
> THE DEFENDANT: No, sir.
> THE COURT: All right. ***

Thus, petitioner was fully aware of the sentence he faced if convicted at trial. Petitioner's contention that he was not advised of the risk of a consecutive sentence if he was also convicted on the witness intimidation charge concerning Sydne Lee is unavailing for the reasons stated by Magistrate Judge Homer. The record also shows that, before deciding to stand trial, petitioner had knowledge of the strength of the prosecution's case against him. As County Judge Martusewicz wrote in the January 20, 2009 decision denying the section 440 motion:

> As for the defendant being aware of the strength of the People's evidence, the defendant was present at a hearing to determine whether the out-of-court identification procedures utilized by the police in their investigation of the incident was unduly suggestive. At that hearing, in the defendant's presence, with counsel at his side, it was divulged that four (4) individuals from this community had positively identified the defendant as the assailant from photographic arrays consisting of six (6) photographs each. In addition, the defendant was present in chambers, prior to trial when the People stated they had twenty one (21) witnesses ready to testify, including the physician who examined the victim and treated the victims wounds. Furthermore, the defendant was aware that he himself had admitted on prior occasions that he was present at the incident, where he had physical contact with the victim. Finally, the defendant was present in chambers during a conference in which the defendant was given the opportunity to and did speak directly to me,

>during which the Court, when attempting to ascertain if the offer had been communicated to the defendant, asked defense counsel if he had discussed the offer with the defendant and defense counsel answered that he had and during which the defendant made no attempt to communicate that he had not received a full explanation of the evidence against [him] and the offer.

The Court further agrees with Magistrate Judge Homer's treatment of petitioner's other arguments on the issue of ineffective assistance of counsel. Viewing the alleged errors both separately and cumulatively, the Court finds no basis to hold that petitioner received ineffective assistance of counsel or that the state court's rulings constituted an unreasonable application of *Strickland*.

Finally, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right regarding any issue. Therefore, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 59) is accepted in its entirety; and it is further

ORDERED that the amended petition (Dkt. No. 47) is denied; and it is further

ORDERED that no certificate of appealability shall issue.

IT IS SO ORDERED.

Date: November 10, 2010
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge